FILED16 JUN '17 10:59usdc-orp

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3 '17 CR -0224 - — MO** 3:17-CR-_____ |
| v. | **INFORMATION** |
| **JAMES PEPION,** | **18 U.S.C. §§ 1956(a), 2320(a)** **Forfeiture Allegation** |
| **Defendant.** | |

## THE UNITED STATES ATTORNEY ALLEGES:

### COUNT ONE
### (Trafficking in counterfeit goods)
### (18 U.S.C. § 2320(a))

From not later than October 2013 and continuing through May 2016, in the District of

Oregon and elsewhere, the defendant, **JAMES PEPION**, did intentionally traffic in goods,

specifically athletic footwear and packaging materials, knowingly using a counterfeit mark,

namely the Air Jordan insignia then registered with the United States Patent and Trademark

Office and used by Nike Inc., on and in connection with such goods.

All in violation of Section 2320(a) of Title 18 of the United States Code.

### COUNT TWO
### (Money Laundering)
### (18 U.S.C. § 1956(a)(1)(B)(i))

From not later than October 2013 and continuing through May 2016, in the District of

Oregon and elsewhere, the defendant **JAMES PEPION**, did knowingly conduct and attempt to

conduct a financial transaction affecting interstate and foreign commerce, which involved the

proceeds of a specified unlawful activity, that is trafficking in counterfeit goods, in violation of

Title 18, United States Code, Section 2320, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity by comingling the proceeds of sales of counterfeit shoes with the proceeds of sales of non-counterfeit shoes.

All in violation of Section 1956(a)(1)(B)(i) of Title 18 of the United States Code.

### FIRST FORFEITURE ALLEGATION

Upon conviction of the offense alleged in Count One of this Information, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2323(b), any article, the making or trafficking of which is, prohibited under 18 U.S.C. § 2320, as alleged in Count One; any property used or intended to be used, in any manner or part to commit or facilitate the commission of the offense alleged in Count One; and any property constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of the offense alleged in Count One, including but not limited to:

i.      $63,364.54 in U.S. currency seized from PayPal account # **7221;

ii.     $31,849.75 in U.S. currency seized from U.S. Bank account # **7149;

iii.    $336.82 in U.S. currency seized from U.S. Bank account # **5263;

iv.     618 pairs and 8 individual counterfeit NIKE shoes; 1 pair counterfeit Adidas shoes; 209 NIKE shoe boxes; 94 plastic box inserts; 755 NIKE labels; and

v.      a money judgment for $105,000;

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

**INFORMATION**                                                                                           **Page 2**

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 2323(b)(2)(A), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

## SECOND FORFEITURE ALLEGATION

Upon conviction of the offense alleged in Count Two of this Information, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, or any property traceable to such property, involved in the offense alleged in Count Two, including but not limited to:

i.     $63,364.54 in U.S. currency seized from PayPal account # **7221;

ii.     $31,849.75 in U.S. currency seized from U.S. Bank account # **7149;

iii.     $336.82 in U.S. currency seized from U.S. Bank account # **5263;

iv.     618 pairs and 8 individual counterfeit NIKE shoes; 1 pair counterfeit Adidas shoes; 209 NIKE shoe boxes; 94 plastic box inserts; 755 NIKE labels; and

v.     a money judgment for $105,000;

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

**INFORMATION**                                                                                      **Page 3**

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 2323(b)(2)(A), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

Dated this ____ day of June 2017.

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

RYAN W. BOUNDS, OSB #00012
JULIA E. JARRETT
Assistant United States Attorneys